UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. __24-mj-8273-WM__

**UNITED STATES OF AMERICA**

v.

**BLAKE ALFONSO KOLESSA,**

        **Defendant.**
_____/

FILED BY ___SW___ D.C.

Jun 5, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  ___ Yes  ✓ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?  ___ Yes  ✓ No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  ___ Yes  X  No

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY: _____
DANIEL. E. FUNK
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.     0592501
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:        (305) 905-7509
Fax:        (561) 820-8777
Email:      daniel.funk@usdoj.gov

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. 24-mj-8273-WM |
| BLAKE ALFONSO KOLESSA, | ) |
|  | ) |
| *Defendant(s)* | ) |

FILED BY ___SW___ D.C.
Jun 5, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of on or between February 2, 2024, and May 16, 2024 in the county of Palm Beach in the Southern District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A)(viii) | Possession with intent to distibute a controlled substance (50 grams or more of methamphetamine) |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

RYAN MONARDO
Digitally signed by RYAN MONARDO
Date: 2024.06.05 15:08:59 -04'00'

*Complainant's signature*

Ryan Monardo, DEA Special Agent
*Printed name and title*

Sworn to me via Telephone-FaceTime by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1.

Date: June 5, 2024

*Judge's signature*

City and state: West Palm Beach, FL    WILLIAM MATTHEWMAN, U.S. Magistrate Judge
*Printed name and title*

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR CRIMINAL COMPLAINT

I, Ryan Monardo, being first duly sworn, hereby depose and state as follows:

1. This affidavit is made in support of a criminal complaint charging BLAKE ALFONSO KOLESSA, a/k/a "Draco," with distribution and possession with intent to distribute a controlled substance - 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A)(viii).

2. I am a Special Agent of the Drug Enforcement Administration ("DEA"). As such, I am an investigator or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and I am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516(1).

3. In August of 2019, I completed Basic Agent Training at the DEA Training Academy in Quantico, Virginia. While attending basic training, I was instructed on topics including, but not limited to, drug identification, current drug distribution trends, undercover operations, confidential source management, and surveillance techniques. Prior to beginning my career in law enforcement, I received a Bachelor of Science degree in supply chain management from the Robert H. Smith School of Business at the University of Maryland.

4. I am currently assigned to the West Palm Beach District Office of the Miami Field Division. I was previously assigned to the Sierra Vista Resident Office of the Phoenix Field Division for over four years. During that time, I was cross designated as an Arizona State Peace Officer through the Cochise County Sheriff's Department.

5. While working as a Special Agent with the DEA, I have managed and participated in multiple investigations either as the lead case agent or supporting agent. I also have assisted joint inter-agency state and federal investigations. I have been involved in seizures of cocaine, heroin, fentanyl, methamphetamine, marijuana, and other controlled substances. To assist in furthering these

investigations, I have managed confidential sources, conducted physical surveillance, assisted in the execution of search warrants, and participated in the controlled purchases of controlled substances, among other things. I have participated in interviews of suspects arrested for drug violations, and I have reviewed and analyzed recorded conversations of drug traffickers. I have worked in an undercover capacity, and through that experience learned the coded "street language" used by drug traffickers. I have testified in federal grand jury proceedings on multiple occasions, and I was the lead case agent for a drug trafficking case that went to federal jury trial. I have also authored federal search warrants for residences, a storage unit, and electronic devices, to include cellular devices and laptop computers, as well as authored federal criminal complaints.

6.  I have received information about matters relevant to this investigation from other sources, including other law enforcement agents and officers, who are familiar with drug trafficking and related crimes. The statements contained in this affidavit are based on my experience and background as a law enforcement officer and, in part, on information provided by other investigators, records and information obtained by those investigators, and summaries thereof. I am familiar with the information submitted in this affidavit. As this affidavit is submitted for a limited purpose, it does not recite all aspects of this investigation, but only sufficient information to establish probable cause in support of the issuance of an arrest warrant.

## **PROBABLE CAUSE**

7.  During the end of January 2024 and the beginning of February 2024, investigators began investigating the drug trafficking activities of Blake Alfonso KOLESSA, also known as "Draco" (hereinafter referred to as "KOLESSA"). During the following months, two law enforcement officers, acting in an undercover capacity (referred to herein as "UC-1" and "UC-2"), established a relationship with KOLESSA and purchased controlled substances from KOLESSA on multiple occasions.[1] Prior

---

[1] Through the course of the investigation, to gather intelligence, investigators at times utilized confidential sources who had knowledge of KOLESSA and his drug trafficking activities. Undercover law enforcement agents were later

2

to each of the transactions, UC-1 or UC-2 would communicate with KOLESSA by phone and coordinate the logistics and details for conducting the transactions. The communications/contact between KOLESSA and the undercover officers was audio/video recorded. After the transactions, the controlled substances were identified by the DEA Southeast Laboratory (unless otherwise noted below). On some occasions, testing by the DEA Southeast Laboratory revealed that the active ingredient in the substance sold by KOLESSA was different than what KOLESSA had represented to the undercover officers.

**February 2, 2024 – Undercover Buy**

8.      On February 2, 2024, UC-1 and KOLESSA met at a BP gas station in West Palm Beach, Florida, where UC-1 exchanged $360.00 United States (U.S.) currency for what KOLESSA had represented were one hundred forty (140) 30-milligram Oxycodone pills. Analysis conducted by the DEA Southeast Laboratory determined that the pills provided to UC-1 by KOLESSA were one hundred twenty-eight (128) total pills, weighing approximately 19.52 grams, and identified as containing metonitazene, a synthetic opioid and Schedule I controlled substance.[2]

**February 8, 2024 – Undercover Buy**

9.      On February 8, 2024, UC-1 again met with KOLESSA at the BP gas station in West Palm Beach, Florida. In exchange for $660.00 U.S. currency, KOLESSA provided UC-1 with what the DEA Southeast Laboratory determined to be 55.0 grams ($\pm$ 0.2 g.) of methamphetamine hydrochloride with a substance purity of 100%, plus/minus 7%. KOLESSA also provided additional pills to UC-1 as a part of the drug transaction. The DEA Southeast Laboratory analyzed the substances and determined that the "30-milligram Oxycodone pills" were seventy-eight (78) total pills, weighing

---

introduced the KOLESSA. The probable cause articulated in this affidavit is based upon KOLESSA's contact with undercover agents.

[2] Unless otherwise stated herein, the types and amounts of drugs listed are the result of forensic chemical lab testing and represent net weights.

approximately 12.47 grams, and identified as containing no controlled substances. The "10-milligram Oxycodone pills" were determined to be ten (10) total pills, weighing approximately .88 grams, and identified as containing N-desethyl isotonitazene, a synthetic opioid and a Schedule I controlled substance.

**April 11, 2024 – Undercover Buy**

10. On April 11, 2024, in a transaction facilitated by UC-1 with KOLESSA, UC-2 met with KOLESSA in the parking lot of Presidente Supermarket 7 in Lake Worth Beach, Florida, and purchased what was represented to be more than 200 30-milligram Oxycodone pills and more than 200 10-milligram Oxycodone pills for $900.00 U.S. currency. The DEA Southeast Laboratory analyzed the "30-milligram Oxycodone pills," and determined there were two-hundred nine (209) pills in total, weighing approximately 25.19 grams, and identified as containing acetaminophen. The DEA Southeast Laboratory analyzed the "10-milligram Oxycodone pills," and determined there were two-hundred nine (209) pills in total, weighing approximately 20.44 grams, and identified as containing N-desethyl isotonitazene, a synthetic opioid and a Schedule I controlled substance. During the meeting, KOLESSA provided UC-2 with phone number (561) 513-1412.

**May 2, 2024 – Undercover Buy**

11. On May 2, 2024, UC-2 met with a female believed to be K.M. (an associate of KOLESSA) in the parking lot of a Wawa in West Palm Beach, Florida, and purchased what was represented to be 250 30-milligram Oxycodone pills and 250 10-milligram Oxycodone pills for $1,000.00 of U.S. currency in a transaction facilitated by the user of (561) 513-1412, believed to be KOLESSA. The number used for text messaging was the same number given to UC-2 on April 11, 2024, and was later used to facilitate an in-person transaction on May 16, 2024. The female met with UC-2 wearing a black mask with a red broken heart on it, and following the transaction, she removed the mask as she walked away from UC-2's undercover vehicle. Analysis of these exhibits at the DEA Southeast Laboratory is pending.

**May 16, 2024 – Undercover Buy**

12. On May 16, 2024, UC-2 met with KOLESSA in a parking lot in the vicinity of McDonald's on 45th Street in West Palm Beach, Florida, and purchased what was represented to be, or more than, nineteen hundred (1,900) 10-milligram Oxycodone pills for $2,000.00 U.S. currency. The phone using the number (561) 513-1412 was used to arrange the narcotics transaction with UC-2. The DEA Southeast Laboratory analyzed the "10-milligram Oxycodone pills," and determined there were one thousand eight hundred ninety-four (1,894) pills in total, weighing approximately 176.06 grams (+/- 0.01 grams), and identified as containing N-desethyl isotonitazene, a synthetic opioid and a Schedule I controlled substance.

## CONCLUSION

13. Based on the facts outlined above, your affiant believes there is a probable cause to charge Blake KOLESSA with distribution and possession with intent to distribute a controlled substance - 50 grams of more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A)(viii).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

RYAN MONARDO
Digitally signed by RYAN MONARDO
Date: 2024.06.05 15:09:53 -04'00'

_____
RYAN MONARDO
DEA Special Agent

Sworn to me via Telephone-FaceTime by the affiant in accordance with the requirements of Fed. R. Crim. P 4.1 on this **5th** day of June 2024.

_____
HON. WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:   BLAKE ALFONSO KOLESSA

**Case No**:   24-mj-8273-WM

Count #1:
Possession of a controlled substance with intent to distribute (50 grams or more of methamphetamine), in violation of Title 21, United States Code, Sections, 841(a)(1) and 841(b)(1)(A)(viii)

* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment:** 10 years
* **Max. Supervised Release:** 5 years up to life
* **Max. Fine:** $10,000,000
* **Mandatory Special Assessment:** $100

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.